**Affirmed and Opinion Filed May 15, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00487-CV**

**STEVEN JOSEPH PICKOWITZ, JR., Appellant**
**V.**
**GREYS FUSTER, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-03994-2019**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Wright[1]
Opinion by Justice Wright

Steven Joseph Pickowitz, Jr., appeals the portion of the trial court's modified judgment denying his counterclaims against Greys Fuster for breach of contract and promissory estoppel relating to real property jointly owned by the parties.[2] Pickowitz raises one issue on appeal arguing the evidence is legally and factually insufficient to support the trial court's written findings of fact and that the trial court

---

[1] The Hon. Carolyn Wright, Justice, Assigned

[2] Pickowitz does not raise any arguments with respect to the portion of the trial court's modified judgment granting Fuster's claims for the partition by sale of the real property and the turnover or partition of personal property or the portion of the modified judgment denying his breach-of-contract counterclaim relating to Fuster's failure to reimburse him for medical, dental and vision expenses.

erred in its implied conclusion of law.  We conclude the evidence is sufficient and the trial court did not err.  The trial court's modified judgment is affirmed.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Pickowitz and Fuster were in a romantic relationship and purchased a house together.  However, the relationship ended, and Fuster moved out of the house in April 2019.  In November 2019, Fuster stopped making payments with respect to the jointly owned real property.

In her first amended petition, Fuster sought the partition by sale of the real property she jointly owned with Pickowitz and the turnover or partition of personal property she left at the house.  Further, she asserted claims against Pickowitz for battery, theft, and fraud, and she sought damages, exemplary damages, ouster damages, equitable relief, and attorney's fees.

In his third amended answer and first amended counterclaim, Pickowitz generally denied the allegations, asserted several affirmative defenses, and alleged counterclaims for breach of contract and promissory estoppel seeking damages and attorney's fees.  Pickowitz alleged that Fuster agreed to pay 50% of all costs, fees, and expenses related to the real property as well as 50% of the costs and fees incurred with respect to Pickowitz adding Fuster to his medical, dental, and vision insurance plans.  He alleged that Fuster stopped paying the costs associated with the real property, and she failed to reimburse him for her medical, dental and vision coverage.

–2–

After a bench trial, the trial court signed a judgment in favor of Fuster on her claims for the partition by sale of the real property and the turnover or partition of personal property. The trial court ordered the real property partitioned by sale with 50% of the proceeds disbursed to Fuster and 50% to Pickowitz and the turnover of personal property to Fuster. All other claims and counterclaims were denied. Because Pickowitz failed to turnover certain personal items, Fuster filed a motion to modify the judgment to award her reimbursement for the missing items of personal property. The trial court impliedly granted Fuster's motion to modify the judgment, signing a modified judgment awarding Fuster $2,849.71 as reimbursement for the missing items of personal property.

Pickowitz filed a motion for new trial arguing only that the trial court's judgment against him with respect to his counterclaims for breach of contract and promissory estoppel was contrary to the law and evidence. His motion for new trial was overruled by operation of law. Also, the trial court signed separate written findings of fact and conclusions of law.

## II. SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Pickowitz argues the trial court erred when it denied his counterclaims for breach of contract and promissory estoppel because the evidence is legally and factually insufficient to support the trial court's findings of fact. Pickowitz argues "it is irrefutable and undeniable that [Fuster] was responsible for the payment of [one half] of the mortgage payment and [one half] of the

–3–

Homeowner's Association dues" for their jointly owned real property. He maintains there is no legal, factual, or equitable justification for excusing Fuster from paying half of the expenses related to the real property. He claims the following:

> [T]here was nothing in the record and nothing in the findings of fact or conclusion of law that permitted the unilateral withdrawal of [Fuster] from making the same payments she had made prior to and after vacating the property, prior to and after the filing of the lawsuit, and from the date of the purchase of the property through February 2022.

Fuster responds that, even though the trial court made written findings of fact and conclusions of law, Pickowitz failed to preserve his complaint for appeal because he did not request additional or amended findings and conclusions. In the alternative, Fuster argues the trial court's findings of fact were supported by the evidence.

### A. Standard of Review

The trial court's findings of fact following a bench trial have the same weight as a jury's verdict. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing the evidence supporting a jury's findings. *See id.* An appellate court defers to unchallenged findings of fact that are supported by some evidence. *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014).

When a party attacks the legal sufficiency of an adverse finding on which it had the burden of proof, it must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *See Dow Chem. Co. v.*

–4–

*Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). To conclusively establish that fact, the evidence must leave no room for ordinary minds to differ as to the conclusion to be drawn from it. *See Int'l Bus. Mach. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 235 (Tex. 2019). Similarly, when a party attacks the factual sufficiency of an adverse finding of fact for which he has the burden of proof, he must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *See Dow Chem.*, 46 S.W.3d at 242. For both legal and factual sufficiency challenges, an appellate court defers to the fact finder's determination regarding the witnesses' credibility and the weight accorded their testimony. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005) (legal sufficiency); *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) (factual sufficiency).

An appellant may not challenge the trial court's conclusions of law for factual insufficiency, but it may review the legal conclusions drawn from the facts to determine their correctness. *See Scott Pelley P.C. v. Wynne*, No. 05-15-01560-CV, 2017 WL 3699823, at *8 (Tex. App.—Dallas Aug. 28, 2017, pet. denied) (mem. op.). An appellate court reviews a trial court's conclusions of law de novo. *Hegar v. Am. Multi-Cinema, Inc.*, 605 S.W.3d 35 (Tex. 2020). However, an erroneous conclusion of law does not require reversal if the trial court rendered the proper judgment. *See Bos v. Smith*, 556 S.W.3d 293, 299 (Tex. 2018).

## B.  Application of the Law to the Facts

We begin by addressing Fuster's argument that Pickowitz did not preserve his legal and factual sufficiency complaints because he failed to request additional findings of fact and conclusions of law.  Texas Rule of Appellate Procedure 33 provides that "[i]n a civil nonjury case, a complaint regarding the legal or factual insufficiency of the evidence . . . may be made for the first time on appeal in the complaining party's brief."  TEX. R. APP. P. 33.1(d).  Pickowitz's legal and factual sufficiency challenges are, therefore, properly before us.  *See id.*

Next, we address Pickowitz's arguments that the evidence is legally and factually insufficient to support the trial court's finding of fact.  At trial, Pickowitz had the burden to prove his counterclaims for breach of contract and promissory estoppel.  On appeal, he argues that "the **only** finding of fact referring to the real property [or the] home purchased by [Pickowitz and Fuster]" was the following (emphasis added):

> The [trial court] found that both parties owned the subject real estate, and, as such, were entitled to a partition of the real estate.  The [trial court] found that a partition in kind would not be feasible given the single-family residential nature of the lot and house.

However, Pickowitz does not challenge the following relevant finding of fact:

> The [trial court] did not find the allegations related to contracts between and amongst the parties to be credible and, instead, found that the parties merely co-owned property or that [Pickowitz] had possession of property that should be turned over to [Fuster].

–6–

This unchallenged finding of fact determined that the alleged oral agreement between the parties agreeing for each to pay 50% of all costs, fees, and expenses related to the real property was not credible. We defer to the trial court's credibility determinations, and the trial court found this alleged contract was not credible. *See City of Keller*, 168 S.W.3d at 819 (legal sufficiency); *Golden Eagle*, 116 S.W.3d at 761 (factual sufficiency). The alleged contract formed the basis of Pickowitz's breach-of-contract and promissory-estoppel counterclaims. Accordingly, this unchallenged finding of fact is binding on appeal. *See Ponderosa*, 437 S.W.3d at 523.

In light of this unchallenged finding, we conclude that Pickowitz has not demonstrated that the evidence establishes, as a matter of law, all vital facts in support of his counterclaims for breach of contract and promissory estoppel. We also conclude that Pickowitz has not demonstrated that the adverse finding is against the great weight and preponderance of the evidence.

Finally, we construe Pickowitz's argument to challenge the trial court's implied conclusion of law that there was insufficient evidence to support Pickowitz's breach-of-contract and promissory-estoppel counterclaims. The trial court's binding, unchallenged finding of fact supports the implied conclusion of law that the evidence was insufficient to support Pickowitz's counterclaims.

We conclude the trial court did not err when it denied Pickowitz's counterclaims for breach of contract and promissory estoppel relating to real property jointly owned by the parties. We overrule Pickowitz's sole issue.[3]

## III. CONCLUSION

We affirm the trial court's modified judgment.

220487f.p05

/Carolyn Wright//
_____
CAROLYN WRIGHT
JUSTICE, ASSIGNED

---

[3] To the extent Pickowitz argues the trial court's ruling against Fuster on her claims for battery, theft, fraud and ouster damages was inconsistent with the rejection of his breach-of-contract and promissory-estoppel counterclaims, and to the extent he argues the trial court's ruling in favor of Fuster on her claims seeking partition of the real property and turnover or partition of personal property are not inconsistent with his counterclaims, his arguments are not supported by citation to the record or legal authority. Therefore, we need not consider them.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STEVEN JOSEPH PICKOWITZ, JR., Appellant

No. 05-22-00487-CV     V.

GREYS FUSTER, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas Trial Court Cause No. 429-03994-2019.
Opinion delivered by Justice Wright. Justices Carlyle and Garcia participating.

In accordance with this Court's opinion of this date, the modified judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee GREYS FUSTER recover her costs of this appeal from appellant STEVEN JOSEPH PICKOWITZ, JR.

Judgment entered this 15th day of May 2023.